MURDOCK, Justice
(concurring in part and dissenting in part).
Section 16-24-20(c), Ala.Code 1975, states that “the hearing officer may consider the employment history of the teacher, including, but not limited to, matters occurring in previous years.” (Emphasis added.) I consider the plain language of this provision to authorize the hearing officer to consider the teacher’s “employment history,” whatever that may be, not to rewrite that history.[7]
As the Court of Civil Appeals aptly put it, “the legislature intended that a teacher’s employment history, if considered at all by a hearing officer, he regarded as just that — past history or historical fact, and, therefore, not open to a trial de novo, but available to be weighed either in support of or in mitigation of the penalty imposed by the Board.” 53 So.3d at 104-05 (emphasis added).[8] So understood, § 16-24-20(c) allows both the Board and the teacher to present evidence to the hearing officer of the basis and outcome of previous disciplinary actions, as well as events both good and bad in the teacher’s employment history that were not part of previous disciplinary actions.
The hearing officer in the present case actually took upon himself the authority to decide upon and apply, both for purposes of the present case and for the purpose of changing the employment history in its own right, a different version of Cedrick Webb’s “employment history.” In so doing, the hearing officer committed a reversible error of law. See Ex parte Wilson, 984 So.2d 1161, 1170 (Ala.2007) (“The Court of Civil Appeals does have the authority to reverse the decision of the hearing officer for failing to following the applicable law, because the failure to follow the *133 applicable law renders the hearing officer’s decision arbitrary and capricious.”).
In his decision, the hearing officer assumed the power and responsibility to retroactively re-decide disciplinary matters that have long since been concluded, matters decided by the superintendent and the local school board, or perhaps even by the old State Tenure Commission and the courts under the prior statutory scheme, with no respect or deference for those historical decisions, some of which were made by the Board in disciplinary actions concluded before the 2004 amendment even became law. The extent of the hearing officer’s approach in re-deciding the employment history for purposes of applying that history to the present charge is reflected in the fact that the hearing officer believed he had the authority to actually expunge Webb’s employment records as to 9 of the 11 prior offenses over a period dating back to 2002, offenses that were not before the hearing officer. Further, the hearing officer purported not only to make a factual finding that a previously alleged incident of disrespect actually occurred, but to impose, on January 15, 2008, an even greater penalty on Webb than the Board had imposed in 2002 when it adjudicated that matter. The Alabama Teacher Tenure Act simply does not empower the hearing officer to rewrite history, either for or against the teacher.
In an amicus brief submitted by the Alabama Association of School Boards, counsel argues that, “[wjhile the plain language of § 16-24-20(c) provides that the hearing officer may ‘consider’ the teacher’s employment history to make his decision [regarding the currently alleged infraction], there is no provision [giving] the hearing officer [authority] to relitigate each past infraction and to determine whether such previous and concluded action was appropriate.” The Association of School Boards goes on to argue that the statute authorizes the hearing officer to conduct a de novo hearing of the disciplinary action by the employing board as to the currently alleged incident, not to conduct a de novo hearing of the teacher’s employment history. Because I agree with this position, I respectfully dissent from the main opinion to the extent it upholds the decision of the hearing officer.

. The "including, but not limited to,” clause describes a subset of the teacher's employment history, consisting of that portion of the history occurring in previous years. The apparent intent of this clause was to explain that, in considering the teacher’s employment history, the hearing officer was not limited to only the history that had occurred in the same school year as the disciplinary action then under consideration by the hearing officer.

. Not only is this understanding of the statute arguably consistent with the plain language of the statute, it is consistent with and analogous to principles of finality of judgment that obtain injudicial proceedings.